IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILLIAM J. JONAS, III,**

    **Plaintiff,**

v.                                                 **CIVIL ACTION NO.: 1:20-CV-97**
                                                          **(JUDGE KLEEH)**

**KEVIN STEVENSON,**
**CEO of Portfolio Recovery,**

    **Defendant.**

**REPORT AND RECOMMENDATION RECOMMENDING
THAT DEFENDANT'S MOTION TO DISMISS [ECF NO. 20] BE GRANTED**

      This matter before the Court is pursuant to Defendant Kevin Stevenson's Motion to Dismiss Complaint, filed on January 14, 2021. [ECF No. 20]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

## I.    RELEVANT PROCEDURAL HISTORY

      On May 20, 2020, *pro se* Plaintiff William J. Jonas, III, an inmate at FCI Gilmer, filed the Complaint herein. [ECF No. 1].

      Within his Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") in twelve different ways, including communicating false information and false representations about Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where Plaintiff lives, harassing Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 1].

On January 14, 2021, Defendant filed the pending Motion to Dismiss. [ECF No. 20]. On January 20, 2021, the Court issued a *Roseboro* notice to Plaintiff informing him that a response to the motion to dismiss must be filed within 21 days of the date of the notice. [ECF No. 21]. The *Roseboro* notice was delivered on January 25, 2021. [ECF No. 22].

On February 1, 2021, Plaintiff filed a request that the Court continue any deadlines for any response he must file to December 31, 2021, as well as refrain from any rulings adverse to Plaintiff until that same date or later. [ECF No. 23]. Plaintiff cited issues as to availability of, and access to, resources in the institution in which he currently is incarcerated. These issues are related to the COVID-19 pandemic. On February 2, 2021, the Court entered an order by which it denied Plaintiff's request and ordered Plaintiff to show cause, within 14 days of receipt of the order, why Defendant's motion to dismiss should not be granted and why this matter should not be dismissed without prejudice. [ECF No. 24]. The order was delivered to the Plaintiff on February 5, 2021. [ECF No. 26]. The Court has received nothing from Plaintiff to show cause as ordered.

## II.   DEFENDANT'S CONTENTIONS

Defendant moves for Plaintiff's Complaint be dismissed because (1) this Court lacks personal jurisdiction over Defendant, and (2) Plaintiff has failed to state a claim under the FDPCA upon which relief can be granted. [ECF No. 20-1].

### A. Personal Jurisdiction

Personal jurisdiction may arise from either general jurisdiction or specific jurisdiction. Defendant asserts that he is a resident and citizen of Norfolk, Virginia. Defendant argues that Plaintiff has failed to make a prima facie showing of specific jurisdiction under West Virginia's long-arm statute that the Defendant, as a non-resident, has committed certain acts within the state, or outside the state that have cause injury to the state, which would allow for this Court to exercise

2

personal jurisdiction. Accordingly, Defendant concludes that because there is no alleged or established contact between Defendant and the state of West Virginia and no conduct that would fall within the purview of West Virginia's long arm statute, this Court should dismiss the Complaint with prejudice, as a matter of law, for lack of personal jurisdiction.

### B. Failure to State a Claim

Defendant argues that the Complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief can be granted because the majority of Plaintiff's claims are time-barred by the applicable statute of limitations under the Fair Debt Collection Practices Act ("FDCPA"). Additionally, Defendant argues that Claims 7 and 8 of the Complaint fail to state a claim upon which relief can be granted because Defendant asserts there is no affirmative duty under the FDCPA to update a previously filed credit report to illustrate that the plaintiff has since disputed the debt.

Defendant also argues that while the Complaint asserts numerous claims against him as Chief Executive Officer for Portfolio, the credit report upon which Plaintiff relies illustrates that it was Portfolio that reported to the credit bureau regarding the account in question and not the Defendant individually. Defendant asserts that as an officer he cannot be held personally responsible for the actions of the company absent a specific factual or legal basis for holding him personally responsible. Defendant argues that because the Complaint does not set forth a claim upon which relief can be granted as it pertains to him and fails to include a necessary and indispensable party, Portfolio, the Complaint should be dismissed with prejudice.

Defendant's argument is that, if the Court exercises personal jurisdiction, because the Complaint fails to set forth claims upon which relief may be granted, makes claims against the

wrong person/entity, and makes claims which are otherwise barred by the applicable statute of limitations, this Court should dismiss the Complaint in its entirety with prejudice.

### III.   ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Personal Jurisdiction

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately a plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). See also New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a plaintiff has made the requisite showing, the

court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the requirements of the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d 619, 627–28 (4th Cir. 1997) (citation omitted). Therefore, the Court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well-established that the exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if such a party has sufficient "minimum contacts" with [the forum] such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). When assessing the "minimum contacts," courts should consider whether a "defendant's contacts with the forum also provide the basis for the suit." Carefirst, 334 F.3d at 397.

If a defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of

5

personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

In cases involving corporate agents, "[w]hen a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, 'under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally.'" Bison Resources Corp. v. Antero Resources Corp., No. 1:16-CV-107-FPS, 2018 WL 701295, at * 7 (N.D. W.Va. Feb. 2. 2018) (quoting Columbia Briargate Co. v. First Nat. Bank in Dallas, 713 F.2d 1052, 1056 (4th Cir. 1983)). This is known as the "fiduciary shield" doctrine. Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (citing Bulova Watch Co. v. K. Hattori & Co., 508 F.Supp. 1322, 1347 (E.D.N.Y.1981)). It is well established that "'[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation' [and] '[p]ersonal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state.'" Progressive Minerals LLC v. Rashid, No. 5:07-CV-108, 2008 WL 4416408, at *5 (N.D.W. Va. Sept. 24, 2008) (quoting Harte–Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc., 299 F.Supp.2d 505, 513 (D.Md.2004)).

Here, personal jurisdiction does not exist. There is no evidence that Defendant has any contact with the State of West Virginia or conducts any activities aimed at the State of West Virginia. According to Defendant's Motion, Defendant is a resident and citizen of Virginia who

6

lives in Norfolk Virginia. [ECF No. 20-1 at 7]. Further, Defendant states that Portfolio is organized under the laws of Delaware, and that Portfolio's principal place of business is in Norfolk, Virginia. [ECF No. 20-1, at 4]. While Defendant is the Chief Executive Office for Portfolio, there is no evidence that, to extent which Defendant performs duties on Portfolio's behalf, he does so in an individual capacity rather than in his official capacity as Portfolio's officer and employee. [ECF No. 20-1]. There are no allegations that Defendant has individually engaged in any of the conduct outlined in West Virginia's long-arm statute which would empower this Court to exercise personal jurisdiction.

Based on all the foregoing, there is no basis for personal jurisdiction over the Defendant. The Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia for personal jurisdiction nor has he "purposefully availed" himself to the jurisdiction. See International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise, because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. See Helicopteros, 466 U.S. at 415. Accordingly, the undersigned **FINDS** that this Court does not have specific or general jurisdiction in this matter and **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

### B. Failure to State a Claim

Even if this Court were to find jurisdiction in this matter, the Complaint fails to state a claim upon which relief can be granted. An action may be dismissed for "failure to state a claim upon which relief can be granted" upon motion by Defendant. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1. **Because there are no factual allegations that Defendant personally engaged in any debt collection, the undersigned finds no claim upon which relief can be granted.**

Critically, here, the FDCPA claims cannot proceed as a matter of law because officers and employees such as Defendant are not defined as creditors potentially subject to liability under the FDCPA.

As set forth in Defendant's Motion [ECF No. 20-1], and not refuted by Plaintiff, Defendant is an officer and employee of Portfolio. Defendant himself is not the creditor. Under the FDCPA, a "debt collector" is defined as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> (A) <u>any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;</u>

15 U.S.C. § 1692a(6) (emphasis added). It appears to the Court that Defendant performs duties for Portfolio in his official capacity as Portfolio's officer and employee, not in his individual capacity. [ECF No. 20-1]. There is nothing Plaintiff has shown to conclude otherwise. In fact, the credit report which Plaintiff supplies as the basis for his claim indicates that Portfolio, not the Defendant individually, reported to the credit bureau regarding the account in question. No factual allegations in the Plaintiff's Complaint supply a claim upon which relief may be granted. No factual allegations support that Defendant individually qualifies as a debt collector or engaged in conduct that would make him personally liable for unlawful debt collection practices under the FDCPA. A

claim cannot be brought by virtue of the Defendant's title alone. Thus, the undersigned discerns no claim upon which relief can be granted as to Defendant and **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

2. **The undersigned recommends dismissal for nine out of twelve of Plaintiff's claims because these claims are time-barred.**

Additionally, the text of the FDCPA "clearly states" that an FDCPA action "may be brought . . . within one year from the date on which the violation occurs." Rotkiske v. Klemm, 140 S. Ct. 355, 360, 205 L. Ed. 2d 291 (2019)(citing 15 U.S.C. § 1692k). This means the "FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened[,]" not on the date the harm was discovered by the Plaintiff. Id.

However, FDCPA violations are not grouped together for the purposes of the statutes of limitations. A "'separation violation' of the FDCPA occurs 'every time' an improper communication, threat, or misrepresentation is made." Bender v. Elmore & Throop, P.C., 963 F.3d 403, 407 (4th Cir. 2020).

Here, the majority of the alleged violations occurred on September 20, 2018. The Complaint alleges in Claims 1-5 and Claims 9-12 that on that date in 2018, the Defendant violated the FDCPA by reporting the Plaintiff's account to the credit bureau. Defendant argues that this is the date of the harm against the Plaintiff for the purposes of the statute of limitations. The Court agrees. The Plaintiff alleges that the Portfolio report that occurred on September 20, 2018 included false representations and false, deceptive, and unconscionable means in an attempt to collect an alleged debt. Plaintiff waited twenty months, to bring suit. These claims are time-barred by the FDCPA, and, thus, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

### 3. The undersigned recommends dismissal because the remaining claims fail to set forth grounds for a violation by Defendant which may entitle the Plaintiff to relief.

Plaintiff claims that on April 9, 2020, the Defendant received through certified mail the Plaintiff's "Notice of Relief" requesting that the Defendant validate the alleged debt pursuant to the FDCPA § 1692g(a) and 1692g(b), and Defendant refused to respond to Plaintiff's validation request. In Claims 6, Plaintiff argues that Defendant's failure to respond to Plaintiff's Notice of Relief violates § 1692g(b). In Claim 7, Plaintiff argues that the Defendant violated § 623 by failing to report a disputed debt to the credit bureaus after the Plaintiff's April 9 Notice of Relief.  In Claim 8, Plaintiff argues that Defendant violated §807(8) by failing to report a disputed debt to the credit bureaus after the Plaintiff's April 9 Notice of Relief.

As previously noted, the Defendant is not a debt collector as a matter of law. Defendant argues that "even if Plaintiff's claims were not procedural deficient (i.e. wrong party and lack of personal jurisdiction), Plaintiff's claim still fail as a matter of law because they have failed to state a claim upon which relief may be granted."

In particular, Defendant argues that there is no affirmative duty under Section 1692e(8) to update a previously reported account as disputed after the initial report was filed before possessing knowledge of a dispute. [ECF No. 20-1 at 8 (citing Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008).].

The Eighth and Tenth Circuits have held that Section 1692e(8) does not impose an affirmative duty, within any time frame, upon a furnisher of credit information who has reported negative information to the credit reporting agencies to notify them after the consumer has disputed the accuracy of the report. Wilhelm v. Credico, 519 F.3d 416, 418 (8th Cir. 2008); Llewellyn v. Allstate Home Loans, Inc., 7111 F.3d 1173, 1189 (10th Cir. 2013). Accord Purnell v. Arrow Financial Services, LLC, 303 F. App'x 297 (6th Cir. Dec. 16, 2008) (per curiam)(automatic

10

monthly reports to Equifax by a debt collector of a debt that the debt collector knew was disputed constituted repeated, discrete violations of the FDCPA). Plaintiff has not plead any facts or made any allegations that the Defendant, after the April 9 Notice of Relief, reported information that the Defendant knew or should have known was false. The FDCPA does not include an affirmative duty to correct information made in reports twenty months prior when the debt collector had no reason to believe the information was false. Even if this Court were to find jurisdiction or were to find that Defendant was a debt collector, in regard to Section 1692e(8), Plaintiff fails to state a claim upon which relief may be granted.

Similarly, regarding Claim Six, Plaintiff argues that Section 1692g(b) requires Defendant to respond to Plaintiff's Notice of Relief. Section 1692g(b) provides that if a consumer notifies a debt collector *within the thirty-day period after the debt collector's written notice* that the debt, or any portion thereof, is disputed, the debt collector shall cease collection of the debt, until the debt collector obtains verification of the debt and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b). This provision serves as a notice to debt collectors by which they must abide only if the consumer requests validation within a specific time frame. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 783 (E.D.N.C. 2011).

Here, there is no indication that Plaintiff disputed the debt until his April 9, 2020 Notice of Relief. Plaintiff does not plead any facts regarding the initial communication or notice from the debtor, but assuming those documents were sent in 2018 prior to the credit bureau reporting, this validation request is far beyond the thirty-day time period contemplated by the FDCPA's notice provisions. Plaintiff may still bring an FDCPA claim against the debt collector even if he does not dispute the debt within the first thirty days, Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 393 (4th Cir. 2014); however, after thirty days, Defendant is released from his obligation to

verify the debt for the consumer as articulated in Section 1692g. Plaintiff fails to allege any facts in his Complaint claiming that Defendant violated any of the notice requirements under Section 1692g.

This Court does not have personal jurisdiction over the Defendant as articulated above. However, even if this Court could properly exercise personal jurisdiction, because the Defendant is not a debt collector under the FDCPA, the statute of limitations has passed on nine of Plaintiff's claims, and the remaining claims fail to put forth any facts of a violation by the Defendant, the undersigned would **RECOMMEND** the Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Complaint [ECF No. 20] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

**Respectfully submitted March 8, 2021.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE